IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL JACKSON                                                                               PLAINTIFF

v.                                            Civil No. 6:20-cv-06069

WELLPATH LLC; DREAM REDIC-YOUNG;
CATHERINE SMITH; PAULA LAIR; and
SHEILA AKERMAN, et al.                                                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Michael Jackson, proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). Currently before the Court is the Motion to Dismiss of Separate Defendant Wellpath, LLC. (ECF No. 14). Plaintiff has filed a response (ECF No. 24), and the Motion is ripe for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

**I.   BACKGROUND**

Plaintiff filed his *pro se* Complaint on June 30, 2020. (ECF No. 1). That same day, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3).

Plaintiff claims his constitutional rights were violated by the defendants' deliberate indifference to his medical needs relating to missed medication for ulcerative colitis. (ECF No.

1

1). With respect to his claims against Wellpath, LLC ("Wellpath"), Plaintiff simply states that Wellpath employed the nurses. Plaintiff also states:

> Wellpath is a company that is contracted providing nurses who are to adhere to policies and rules at institutions. The nurses named failed to properly administer my meds even after being directed to do so on several occasions. Even after grievances were found to be with merit several times causing a blatant form of deliberate indifference.

(ECF No. 1 at 20).

In the instant Motion, Wellpath argues that it cannot be held constitutionally liable under a theory of respondeat superior and that Plaintiff has stated no claim upon which relief can be granted. (ECF No. 14). Plaintiff has responded to the Motion and argues he is entitled to relief. (ECF No. 24).

## II.     APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.     DISCUSSION

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."  *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)); s*ee also Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) ("if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care.").

To maintain a §1983 claim against Wellpath, the prison medical provider, Plaintiff "must show that there was a policy, custom, or official action that inflicted actionable injury."  *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (discussing a §1983 claim against a prison medical provider); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993).  Plaintiff has made no claim that Wellpath created and maintained a policy or custom of failing to administer medication or otherwise violate his constitutional rights in any way.  His allegation that the named nurses "failed to properly administer my meds even after being directed to do so on several occasions" is insufficient to show that there was a policy, custom, or official action by Wellpath to cause injury.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Separate Defendant Wellpath's Motion to Dismiss (ECF No. 14) be granted and that Plaintiff's claims against Wellpath, LLC be dismissed.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 18th day of September 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE