IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL JACKSON                                                          PLAINTIFF

v.                                    Civil No. 6:20-cv-06069

WELLPATH LLC; DREAM REDIC-YOUNG;
CATHERINE SMITH; PAULA LAIR; and
SHEILA AKERMAN, et al.                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Michael Jackson, proceeds in this matter *pro se* and *in forma pauperis*.  (ECF Nos. 1, 2, 3). Currently before the Court is Plaintiff's failure to provide an accurate address for service on Defendant Nurse S. Lambert.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## BACKGROUND

Plaintiff filed his *pro se* Complaint on June 30, 2020.  (ECF No. 1).  That same day, the Court granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 3).

On July 8, 2020, the Court ordered the Marshal Service to serve the Defendants.  (ECF No. 7).  On August 19, 2020, the Court directed Plaintiff to provide the Court with a service address and further identifying information with respect to Defendant Nurse S. Lambert.  (ECF No. 17).

1

Plaintiff was advised that "failure to respond to this Order will result in the dismissal of Separate Defendant[s] . . . Nurse S. Lambert . . . from this action."  (ECF No. 17).

Plaintiff has not responded to the Court's Order with an address or further identifying information for Defendant Nurse S. Lambert.

## APPLICABLE LAW

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915.  Fed. R. Civ. P. 4(c)(3).  "The officers of the court shall issue and serve all process, and perform all duties in such cases."  28 U.S.C. § 1915(d).  Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed, or the Court must dismiss the complaint or order service be made within a specified time.  However, if the plaintiff can show good cause for the failure, the Court must extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the Court has the discretion to either dismiss the action or quash service but retain the case for further attempts at service.  *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998).  Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is ultimately responsible for providing the Court with a proper address for service.  *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## DISCUSSION

Plaintiff filed his complaint in this case on June 30, 2020.  (ECF No. 1).  Defendant Nurse S. Lambert has not been located for service despite an attempt made by the U. S. Marshal Service.

The Court has given Plaintiff more than 30 days to provide an accurate address for service on Defendant Nurse S. Lambert, and Plaintiff has failed to respond.

Accordingly, it is recommended that the case against Defendant Nurse S. Lambert be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** against Defendant Nurse S. Lambert.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of September 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE